■ PAL POOLS, INC., Appellant, v BILLIOT BROS., INC., et al., Respondents.—In an action to recover for goods sold and delivered (the first cause of action) and on a guarantee of payment (the second cause of action), plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered October 6, 1976, which dismissed the complaint upon the grant of defendants-respondents' motion for such relief based upon the ground of lack of personal jurisdiction. Judgment modified, on the law, by deleting from the decretal provision thereof the words "complaint and each cause of action therein" and substituting therefor the words "second cause of action asserted in the complaint". As so modified, judgment affirmed, with $50 costs and disbursements payable to plaintiff by the corporate defendant. The first cause of action is within the intent of the clause in the dealer agreement between the parties which confers jurisdiction over the corporate defendant in New York. However, there is no jurisdiction over any of the individual defendants. The guarantee of payment executed by the individual defendants, which is the basis of the second cause of action, contains a clause referring only to choice of law; it is not a consent to jurisdiction in New York. The clause contained in the guarantee annexed to the dealer agreement, and signed by the individual defendants Raymond Billiot and Louis Billiot, applies only to an action on that particular guarantee. As drawn, the complaint fails to state a cause of action with respect to that guarantee. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.